# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GEORGE STEINMETZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:15-cv-06600-ER ) ) |
| McGRAW-HILL GLOBAL EDUCATION HOLDINGS, LLC, and McGRAW-HILL SCHOOL EDUCATION HOLDINGS, LLC, | ) ) ) ) ) |
| Defendants. | ) ) ) |

## ANSWER TO COMPLAINT

Defendants McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC (collectively, "McGraw-Hill Education"), through their undersigned counsel at Levine Sullivan Koch & Schulz, LLP, and pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, hereby respond to the Complaint of Plaintiff George Steinmetz (Dkt. No. 1, filed Dec. 14, 2015) (the "Complaint"), with the following Answer corresponding to the paragraphs set out in the Complaint:

## STATEMENT OF ACTION

1. McGraw-Hill Education admits that this matter is a civil action alleging a cause of action for copyright infringement, but it lacks information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint, and, on that basis, the allegations are denied.

## PARTIES

2. McGraw-Hill Education admits the allegations of Paragraph 2 of the Complaint.

3. McGraw-Hill Education admits that McGraw-Hill Global Education Holdings, LLC ("MHGEH") is a limited liability company organized under the laws of the State of Delaware, with operations based in Dubuque, Iowa, and Burr Ridge, Illinois, as well as company headquarters in New York City, New York.  McGraw-Hill Education further admits that MHGEH publishes, among other things, college level textbooks and related products.  McGraw-Hill Education admits that Defendant McGraw-Hill School Education Holdings, LLC ("MHSEH") is a limited liability company organized under the laws of the State of Delaware, with operations based in Columbus, Ohio, and company headquarters in New York City, New York.  McGraw-Hill Education further admits that MHSEH publishes, among other things, kindergarten through high school level educational textbooks and related products.  McGraw-Hill Education denies the remaining allegations contained in Paragraph 3 of the Amended Complaint.

## JURISDICTION

4. McGraw-Hill Education admits that this matter is pleaded under the copyright laws of the United States.  The remaining allegations contained in Paragraph 4 of the Complaint are legal conclusions to which no answer is required.  Nevertheless, McGraw-Hill Education affirmatively states that it does not contest the subject-matter jurisdiction of this Court.

## VENUE

5. The allegations contained in Paragraph 5 of the Complaint are legal conclusions to which no answer is required.  Nevertheless, McGraw-Hill Education affirmatively states that venue in this District is permissible.

## FACTS COMMON TO ALL COUNTS

6. McGraw-Hill Education lacks information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint, and, on that basis,

they are denied. With regard to the referenced Exhibit 1, McGraw-Hill Education affirmatively states that the appended chart reflects a summary of information for which the supporting documentation has not been attached or otherwise made available to McGraw-Hill Education, and further that the chart was not created by Plaintiff, but rather by his counsel, and it reflects the opinions, assumptions, and speculation of his counsel. McGraw-Hill Education denies any inference, implication, or assertion in or drawn from Exhibit 1 that is inconsistent with whatever documents, if any, upon which Exhibit 1 is based.

7. McGraw-Hill Education lacks sufficient information to determine the truth of the allegations contained in Paragraph 7 of the Complaint, and, on that basis, they are denied. McGraw-Hill Education further incorporates its prior response to the allegations in Paragraph 6 with regard to Exhibit 1 of the Complaint. McGraw-Hill Education further affirmatively alleges that references to "Registered" or "Pending" in the "Registration Status" column of Exhibit 1 of the Complaint are insufficient to identify the actual registration status of any specific photograph where the referenced copyright application or registration refers to a submission of an unspecified mass group of photographs, and absent evidence that the particular photo was submitted with the particular copyright registration application, there is no evidence that the particular photo has been registered.

8. McGraw-Hill Education admits that its business units engaged in various invoice transactions with Plaintiff concerning use of his photos. McGraw-Hill denies the remaining allegations of Paragraph 8 of the Complaint, and it further incorporates its prior response to the allegations in Paragraph 6 with regard to Exhibit 1 of the Complaint.

9. McGraw-Hill Education denies the allegations contained in Paragraph 9 of the Complaint.

10. McGraw-Hill Education denies the allegations contained in Paragraph 10 of the Complaint. McGraw-Hill Education further affirmatively asserts that the contentions of Paragraph 10 are an improper attempt to expand the scope of discovery in this case beyond the specific transactions and specific books that are otherwise identified in Exhibit 1 to the Complaint. This attempt to plead a claim for copyright infringement based on unspecified books, at unspecified times, in unspecified ways is wholly improper and fails to state a basis for which relief can be granted. McGraw-Hill Education further denies that any discovery is needed for Plaintiff to ascertain whether his photos appear in books that are publicly available and easily reviewed. McGraw-Hill Education also affirmatively alleges that Plaintiff had an opportunity to seek and obtain audit rights with respect to the invoice transactions identified in Exhibit 1, but he failed to do so, and his failure to obtain and exercise such rights eliminates any basis for any implication that McGraw-Hill Education had a legal duty to disclose its use of Plaintiff's photographs

11. McGraw-Hill Education denies the allegations contained in Paragraph 11 of the Complaint.

12. McGraw-Hill Education admits that it has been named as a defendant or counterclaim defendant in the sixteen federal court cases listed in Paragraph 12 of the Complaint, and that copyright claims regarding use of stock photos in textbooks were alleged in those cases. McGraw-Hill Education denies any implication that such other lawsuits are in any way relevant to the issues of liability and/or damages in this case. McGraw-Hill Education denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. McGraw-Hill Education denies the allegations contained in Paragraph 13 of the Complaint, noting that *none* of the titles referenced in Plaintiff's list are pleaded in the claim

chart attached as Exhibit 1, and further that the contentions concerning purported "license" limits are inaccurate and reflect litigation contentions made by Plaintiff's counsel in his separate case against McGraw-Hill Education on behalf of his other client Grant Heilman Photography, Inc. McGraw-Hill Education further notes that Plaintiff's selective excerpting of his counsel's litigation contentions from the *Heilman* case omits the fact that out of the 2,395 claims initially pleaded by the plaintiff in that case, Plaintiff's counsel ultimately admitted that there was no invoice overrun or other basis for liability with respect to nearly 50 percent of those claims, voluntarily electing to seek no damages with regard to 1,168 claims.

14. With respect to the allegations in Paragraph 14 of the Complaint, to the extent that Plaintiff purports to describe the verdict in the bellwether trial in *Grant Heilman Photography, Inc. v. McGraw-Hill Global Education Holdings, LLC*, No. 5:12-cv-2061-MMB (E.D. Pa.) (Dkt. No. 180, Judgment), the verdict itself is a public record that speaks for itself, and it has in any event been modified by the court in that case based on a post-trial motion, reducing the ultimate award by more than half (Dkt. No. 269, Amended Judgment). McGraw-Hill Education further respectfully refers the Court to the docket of that case. McGraw-Hill Education denies any implication that the lawsuit in the *Heilman* matter is in any way relevant to the issues of liability and/or damages in this case, and denies the remaining allegations in Paragraph 14 of the Complaint.

15. With respect to the allegations in Paragraph 15 of the Complaint, to the extent that the Plaintiff purports to describe a ruling concerning a motion for partial summary judgment by the plaintiff in *Panoramic Stock Images, Ltd. v. McGraw-Hill Global Education Holdings, LLC*, No. 1:12-cv-09881 (N.D. Ill.) (Dkt. No. 85, Memo. Op. & Order), that opinion is itself a public record that speaks for itself. McGraw-Hill Education notes that in the *Panoramic* case, the

court's partial summary judgment ruling pertained only to one quarter of the 278 claims initially pleaded in the case, denies any implication that the lawsuit in the *Panoramic* matter is in any way relevant to the issues of liability and/or damages in this case, and denies the remaining allegations of Paragraph 15 of the Complaint.

16. With respect to Paragraph 16's reference to Exhibit 1 of the Complaint, McGraw-Hill Education incorporates by reference as though fully set out here its prior responses concerning the claim chart in its responses to Paragraphs 6 and 7 above.

## COUNT I

17. McGraw-Hill Education incorporates by reference its prior responses to the allegations of the Complaint as set forth above.

18. McGraw-Hill Education denies the allegations of Paragraph 18 of the Complaint.

19. McGraw-Hill Education denies the allegations of Paragraph 19 of the Complaint.

## DEFENSES

McGraw-Hill Education denies any and all other allegations, inferences or implications arising from any statement in the Complaint to the extent such has not been affirmatively admitted by McGraw-Hill Education in this Answer.

McGraw-Hill Education further propounds the following separate and additional defenses, and by doing so, McGraw-Hill Education in no way concedes that it has the burden of proof and/or burden of persuasion with respect to any of such defenses.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitation.

**Third Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by his lack of standing due to prior assignment or other defects in ownership of the applicable copyright in the particular works.

**Fourth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the lack of a valid and enforceable copyright registration for the works identified in Exhibit 1 of the Complaint.

**Fifth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by acquiescence, novation, satisfaction, or estoppel.

**Sixth Affirmative Defense**

Plaintiff's claims for statutory damages under the Copyright Act are limited under 17 U.S.C. § 412(2) solely to those works, if any, where the purported infringement by McGraw-Hill Education began, if at all, after the date of a valid and applicable copyright registration for the work at issue.

**Seventh Affirmative Defense**

Plaintiff's claims for copyright infringement are barred by the doctrine holding that any claim for breach of a covenant in a copyright license sounds in contract and not in copyright.

**Eighth Affirmative Defense**

Plaintiff's request for injunctive relief is barred by the lack of any irreparable harm from the purportedly unlawful conduct, if any, by McGraw-Hill Education. Likewise, to the extent Plaintiff can demonstrate that he has suffered any injury from the purportedly unlawful conduct,

if any, by McGraw-Hill Education, such injuries are adequately remedied at law through an award of money damages.

### Ninth Affirmative Defense

Plaintiff's request for injunctive relief is barred by the license, implied or express, and/or other legal right to continue to possess such copies, records, and/or documents by McGraw-Hill Education.

### Tenth Affirmative Defense

Plaintiff has failed to allege his purported actual damages with the requisite particularity.

### Eleventh Affirmative Defense

Plaintiff has failed to mitigate his purported damages by failing to monitor the use of the works for which he was engaged in a licensing business, and by failing to seek compensation, to the extent any was owed to him, at the time when McGraw-Hill Education's uses of his photos were ongoing.

### Twelfth Affirmative Defense

To the extent that Plaintiff seeks any relief as to any photograph or textbook title not cited in Exhibit 1 of the Complaint, such relief is not appropriately within the pleadings or jurisdiction of this Court, and is therefore barred.

### Thirteenth Affirmative Defense

McGraw-Hill Education hereby gives notice that, due to its lack of information as to the matters set forth in the Complaint, McGraw-Hill Education has insufficient knowledge or information from which to form a belief as to whether it has additional defenses not expressly enumerated in the preceding paragraphs. McGraw-Hill Education thus hereby reserves its right

to amend its Answer to assert additional defenses and to rely upon those additional defenses to the extent they become available or apparent during discovery or thereafter.

## PRAYER FOR RELIEF

WHEREFORE, McGraw-Hill Education respectfully requests that:

(a) Judgment be entered in its favor and against Plaintiff as to all claims alleged in the Complaint;

(b) Plaintiff take nothing; and

(c) the Court should award such further relief, including attorney's fees and costs against Plaintiff and to the benefit of McGraw-Hill Education as the Court deems just and proper.

Dated:  March 8, 2016                                     Respectfully submitted,

                                                                          LEVINE SULLIVAN KOCH & SCHULZ, LLP

                                                                          By:   *s/ Christopher P. Beall*
                                                                                  Christopher P. Beall (*pro hac vice*)
                                                                                  Elizabeth Seidlin-Bernstein
                                                                                  321 West 44th Street, Suite 1000
                                                                                  New York, NY  10036
                                                                                  Tel:  (212) 850-6113
                                                                                  Fax:  (212) 850-6299
                                                                                  Email: cbeall@lskslaw.com
                                                                                              eseidlin-bernstein@lskslaw.com

                                                                                  *Attorneys for Defendants McGraw-Hill Global Education Holdings, LLC and McGraw-Hill School Education Holdings, LLC*

**CERTIFICATE OF SERVICE**

      I, Christopher P. Beall, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic filing system, which will send automated notification of this filing to all counsel of record on this date.

Dated: March 8, 2016                               *s/ Christopher P. Beall*